UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AVILA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY, KELLER FORD LINCOLN; AND DOES 1-10, INCLUSIVE<br><br>　　　　Defendants.[1] | Case No. 22-cv-00542-EJD  (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 38 |

Before the Court is the Parties' Joint Discovery Submission ("Submission") pursuant to which Plaintiff seeks an order compelling further responses to fourteen requests for production. The Court has reviewed the Submission, the relevant law and the litigation history in this action and determines that 1) the Court's rulings below on general disputes are likely to inform resolution of individual RFPs; and 2) therefore this action may be resolved without oral argument. Civ. L.R. 7-1(b). To the extent the Court orders production of documents or supplemental responses, such production and responses are to be completed **no later than July 21, 2023**.

## I. Procedural Issues

### 1. Case Caption

The captions used by the Parties in this action are not consistent. *Compare* Dkt. 1-3; Dkt. 38; Dkt. 38-1; Dkt. 38-2. This must be corrected immediately. The Parties are to meet and confer and file a stipulation to amend the case caption to reflect the proper Parties to this action **no later than July 21, 2023**. The disputed discovery in this action is directed to Defendant Ford Motor Company, in this Order referred to "Defendant."

---

[1] For purposes of this Order, the Court uses the caption of the Joint Submission. However, the Parties are directed to Section (I)1.

**2. Non-compliance with Standing Order**

The Submission fails to comply with this Court's Standing Order on Civil and Discovery Referral Matters ("Standing Order") in three key respects. First, the Parties use improperly footnotes for additional factual assertions and argument. *See* Standing Order, section 9. The Court has not considered any footnotes that violate section 9. Second, the Parties misuse the joint chart (section 8) to set forth innumerable additional pages of argument in blatant violation of page limits for the joint submission. The Court has not considered any argument set forth in the chart which is not addressed in the Submission and declines to address any specific interrogatory. Third, the chart is to set forth the Parties' requests, responses and <u>proposed compromises</u>. Here, compromises, if any, are hopelessly lost in the morass of improper argument. As a result of these failings, the joint chart is rendered unusable, requiring the Court to draft this Order. The Parties are admonished that any future submission that fails to conform with the Standing Order will be stricken in its entirety.

**II.   Substantive Issues**

The Court has identified the following issues from the properly formatted portions of the Submission:

1. The definition of the "Transmission Defect";
2. Whether production of documents responsive to Plaintiff's requests which were also collected and produced in a related class action is appropriate in this case;
3. Whether production of Defendant emails is appropriate in this case;
4. Whether production of certain deposition transcripts and organizational charts from the related class action is appropriate in this case; and
5. Whether Defendants should provide supplemental written responses that clarify the status of their production.

**1.   Definition of "Transmission Defect"**

The Complaint identifies a number of defects with the subject vehicle. Dkt. 1 at ¶ 12. In particular, the Transmission Defect is defined by its symptoms in the Complaint as "defects that

1    can result in various problems, including, but not limited to slipping of the transmission, hesitation

2    on acceleration, improper transmission engagement and/or harsh and/or hard shifts ("Transmission

3    Defects")." Dkt. 1 ¶ 42. This definition is supplemented in the discovery requests to include

4    "jerking, shuddering and/or juddering." Dkt. 38-1 at 4. Up to this point, Transmission Defect is

5    sufficiently defined by symptoms to give Defendant adequate notice and to establish discovery

6    parameters. However, in both the Complaint and the discovery requests, Plaintiff goes on to

7    describe Transmission Defect more vaguely as "requiring reprogramming of the transmission

8    control module (TCM) and/or powertrain control module (PCM); failure and/or replacement the

9    transmission as reflected in SUBJECT VEHICLE's repair history." *Id.* This latter language is too

10   vague and is stricken from the definition. With this guidance, to the extent Defendant has not

11   searched for or has withheld documents based on an objection to the definition of Transmission

12   Defect, it is to supplement its production and provide supplemental responses in accordance with

13   this Order.

**2. Production of documents from a related class action**

16   This action is not merely "a consumer warranty case involving a single F-150 pickup

17   truck" as described repeatedly by Defendant. It is also a fraud case, with specific allegations that

18   Defendant "concealed and failed to disclose" known defects to Plaintiff. Complaint (Dkt. 1)

19   ¶¶ 38-53. Plaintiff asserts, and Defendant does not dispute, that there is a related class action,

20   *O'Connor v. Ford Motor Co.* class action (Case No. 19-CV-5045) (N.D. Ill.), which addresses the

21   same defective 10R80 transmission in 2017-2020 Ford F-150 trucks. Dkt. 38 at 2. However, as

22   Defendant argues and Plaintiff must concede, this case comprises the breach of warranty and fraud

23   allegations of a single plaintiff, not a putative class. Defendant further points to its voluminous

24   production to date in this action.

25   Plaintiff cites two cases which appear to support the request of a single plaintiff for

26   production of responsive documents from related class actions. *Scherer v. FCA US, LLC*, 538 F.

27   Supp. 3d 1002, 1008 (S.D. Cal. 2021); *Jensen v. BMW of N. Am.*, LLC, 328 F.R.D. 557, 563 (S.D.

28   Cal. 2019). These being rulings on discovery disputes, there are undoubtedly cases that come to

3

the opposite result. The relevance and proportionality requirements of Rule 26 are necessarily very fact specific. In this case, the scope of relevance is fairly neatly defined by a specific transmission, in a specific vehicle model, sold in a specific time period. Similarly, *O'Connor* is described as addressing alleged defects in the same transmission, in the same vehicle model, in the same, or slightly broader, time frame as this case. The *O'Connor* documents have already been collected and produced, and it is reasonable to assume could be easily produced in this action. In sum, there is a set of documents, at least some of which will be responsive to the requests here, ready for production. Although Defendant has made a substantial production in this case, that production does not render production of a second set of relevant documents readied for production disproportional to the needs of this case. Accordingly, the Court finds that production of documents from the *O'Connor* action which are responsive to requests in this action are proportional to the needs of this litigation and must be produced. The Court appreciates that culling an existing production for responsive documents in another action may be unduly burdensome. Therefore, Defendant may elect whether to simply turn over the entire *O'Connor* production or only those portions responsive to requests in this action. Defendant may also elect whether to remove duplicate documents from the *O'Connor* production that it has already produced in this action. To the extent Plaintiff objects to Defendant selecting responsive documents from the *O'Connor* production, that objection is overruled.

### 3. Production of emails

This issue is largely dealt with in the ruling above: To the extent emails produced in the *O'Connor* action are responsive to document requests in this action, they are proportional to the needs of this action and are to be produced. Also, at the time of production, Defendant is to identify the custodians and search terms used in identifying relevant emails in the *O'Connor* action. Plaintiff may, having first evaluated the production and engaged in the requisite meet and confer, make a good faith request to the Court for additional custodians or search terms. Any such request will be subject to a rigorous proportionality analysis in light of the production ordered thus far.

### 4. Requests 49 and 55

RFP 49 is for the organizational charts of Defendant. Organizational charts of a large corporate defendant are relevant and proportional, even in a single plaintiff case such as this one. Accordingly, the Court orders the charts to be produced.

RFP 55 is for deposition transcripts of Defendant pursuant to Rule 30(b)(6) and the attendant state provision. Plaintiff's request is premature. By the production date set forth above, Defendant is ordered to identify the agreed-upon topics on which its corporate representatives gave deposition testimony in the *O'Conner* action. The Parties are to meet and confer thereafter on production of relevant, proportional transcripts.

### 5. Supplemental responses

Defendant is to provide supplemental responses that reflect the status of its production as to RFPs 1-3 by the production date set forth above.

**SO ORDERED.**

Dated: June 30, 2023

SUSAN VAN KEULEN
United States Magistrate Judge