UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT AVILA,

          Plaintiff,

   v.

FORD MOTOR COMPANY,

          Defendant.

Case No. 22-cv-00542-PCP

**ORDER DENYING MOTION TO RELATE**

Re: Dkt. No. 149

Plaintiff Robert Avila is suing defendant Ford Motor Company for selling him a 2018 Ford F-150 "without disclosing defects in its transmission or warning him of potential problems." *See Avila v. Ford Motor Co.*, 2026 WL 508364, at *1 (N.D. Cal. Feb. 24, 2026). The Court granted in part and denied in part Ford's motion for summary judgment. *See id.* Avila now asks the Court to relate 56 other actions currently pending in the Northern District of California to this case, which would result in their reassignment from the currently assigned judicial officer to this Court. Avila argues that these actions should be related because they all concern Ford's 10R80 automatic transmission, share some of the "same evidence of Ford's knowledge of those defects—as shown through its technical service bulletins," and plead similar consumer protection and fraudulent concealment causes of action. Ford opposes relation of the cases. Because the cases do not satisfy the Court's requirements for deeming cases related, Avila's request is denied.

Cases are related to each other when "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different [j]udges." N.D. Cal. Civ. L.R. 3-12(a). "Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must

*promptly* file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related…." N.D. Cal. Civ. L.R. 3-12(b) (emphasis added).

Avila's motion is denied for multiple reasons. First, Avila's motion does not satisfy the requirements of the Local Rules. The 56 actions do not "concern substantially the same parties, property, transaction, or event." N.D. Cal. Civ. L.R. 3-12(a). Avila does not argue that the same parties are involved. Instead, Avila argues that "the Related Actions turn on the same 'transaction or event' as the *Avila* Action: the defects in Ford vehicles equipped with 10R80 transmissions and Ford's knowledge of them." But as Ford points out, the 56 cases involve different plaintiffs, different vehicles and vehicle classes, and different purchases in different locations from different dealerships.

Second, Avila failed to "promptly file" his motion to consider whether cases should be related. Avila filed his motion on April 17, 2026, and his notice of his motion on April 21, 2026. But many of the cases Avila seeks to relate to the instant one were filed years ago by one of the same law firms that represents Avila in this case, Strategic Legal Practices, APC. Far from contending that the other cases were related at the time they were filed, Avila's counsel repeatedly indicated that the other actions were *not* related to this or any other action. *See* Dkt. No. 154-3. The profound untimeliness of Avila's request suggests that the request to relate is not motivated by concerns about judicial economy and efficiency but by a desire to litigate the other actions before a judicial officer who has previously ruled in their favor on certain issues. The Northern District's related case rule was not intended to be used for such a purpose.

Third, the Court notes that serious questions regarding the representation provided by Strategic Legal Practices to its clients have been raised in some of the matters Avila seeks to relate to this one. *See, e.g.*, *Lopez v. Ford Motor Co.*, No. 24-cv-02155-BLF, 2026 WL 782497, at *2 (N.D. Cal. Mar. 19, 2026) (sanctioning Strategic Legal Practices attorney under Rule 11 for engaging in "uncivil name calling and a material misrepresentation of procedural facts"); *Hernandez v. Ford Motor Co.*, No. 24-cv-07899-PCP, Dkt. No. 28 (arguing that Strategic Legal

United States District Court
Northern District of California

2

Practices attorney made similar misrepresentations in another matter).[1] Relating those cases to this one could interfere with ongoing efforts to address those issues, and it is likely that case-specific questions regarding Strategic Law Practice's representation would overwhelm any efficiencies that might possibly be gained by having cases involving similar transmission defects assigned to the same judicial officer.

Because Avila has not shown that the 56 proposed cases should be related to Avila's action, the Court declines to relate the cases.

**IT IS SO ORDERED.**

Dated: April 30, 2026

P. Casey Pitts
United States District Judge

---

[1] Nor have these concerns been limited to cases in which Ford Motor Company is the defendant. *See, e.g.*, *Castro v. FCA US, LLC*, 2026 WL 1146167, No. 24-cv-06274-NW (N.D. Cal. Apr. 28, 2026) (sanctioning counsel from Strategic Legal Practices, noting the significant number of prior sanctions orders in other proceedings, and ordering that the court's order be provided to any court in which Strategic Legal Practices subsequently seeks to have a client's case dismissed); *Brittany Michelle Chapman v. FCA US, LCC*, No. 2:25-cv-07336-SB-SK, Dkt. No. 83, (C.D. Cal. Mar. 26, 2026) (issuing $10,000 monetary sanction against Strategic Legal Practices where the representation provided to the plaintiff "was not merely inadequate … but an abdication of counsel's core professional responsibility of providing competent, diligent, and accountable representation").

United States District Court
Northern District of California

3